**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: HEALTH GORILLA, INC., ET AL., DATA SECURITY BREACH LITIGATION | MDL NO. 3193 |

**DEFENDANT EPIC SYSTEMS CORPORATION'S RESPONSE TO DEFENDANT HEALTH GORILLA, INC.'S MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF FLORIDA FOR CONSOLIDATION PURSUANT TO <u>28 U.S.C. § 1407</u>**

Pursuant to the Notice of Filing and Publication of Briefing Schedule [Dkt. 5], Defendant Epic Systems Corporation ("Epic") respectfully submits the following response to Defendant Health Gorilla, Inc.'s ("Health Gorilla") Motion for Transfer of Actions [Dkts. 1–3] to the Southern District of Florida and for Consolidation Pursuant to 28 U.S.C. § 1407.

**INTRODUCTION**

Epic, a named defendant in three related actions that are still pending, does not oppose[1] the request to create an MDL to transfer and coordinate the related actions, together with any future tag-along actions.[2] An updated schedule of related actions subject to Health Gorilla's motion (the "Related Actions") that Epic is aware of and that are still pending is submitted herewith as **Exhibit A**.

---

[1] Epic consents to consolidation in the Southern District of Florida only for the limited purposes of this MDL proceeding. Epic does not otherwise waive any arguments regarding a lack of personal jurisdiction over it in Florida.

[2] Health Gorilla's Amended Schedule of Related Actions [Dkt. 2-1] lists Epic as a defendant in three actions: *Patterson v. UVA Health, et al*., No. 2:26-cv-01938 (C.D. Cal.); *Fox et al. v. Epic Systems Corp., et al*., No. 2:26-cv-04678 (C.D. Cal.); and *Banh v. Epic Systems Corp., et al*., No. 3:26-cv-00216-amb (W.D. Wis.). *Banh* was voluntarily dismissed and closed on June 15, 2026. An additional related action not identified in the Schedule—*Berry v. Univ. of Ill. Hosp. & Health Scis. Sys. & Epic Sys. Corp.*, No. 1:26-cv-04629 (N.D. Ill. 2026)—asserts similar allegations and claims against Epic and the University of Illinois Hospital. Epic has filed a Notice of Related Action to consolidate *Berry* within this MDL proceeding. *See* Dkt. 35.

1

Epic also does not oppose Health Gorilla's position that the Southern District of Florida is an appropriate transferee district. Health Gorilla maintains its principal place of business in Coral Gables, Florida, and the alleged conduct at the center of these actions concerns Health Gorilla's onboarding, vetting, monitoring, and control of third-party access to patient records through healthcare interoperability frameworks. *See* Dkt. 1-1, Consolidation Mot. at 15. The Related Actions also include five cases filed in the Southern District of Florida, which were consolidated locally before Health Gorilla filed its motion with the Panel. *See* Exhibit. A.

Because Epic does not oppose centralization or the Southern District of Florida as the transferee district, this Response addresses which Judge the MDL should be assigned to. For a variety of reasons explained below, the Related Actions should be transferred to the United States District Court for the Southern District of Florida before District Judge Beth Bloom, who was originally assigned one of the Southern District of Florida actions before it was transferred to Judge K. Michael Moore. *See Hawkins et al. v. Health Gorilla, Inc. et al.*, No. 1:26-cv-22328 (S.D. Fla. Apr. 3, 2026). Alternatively, the cases should be transferred to District Judge Kathleen M. Williams, who likewise had related actions assigned to her before transfer and consolidation. *See Malenkovich v. Health Gorilla, Inc.*, No. 1:26-cv-22757 (S.D. Fla. Apr. 21, 2026); *Hughes v. Health Gorilla, Inc.*, No. 1:26-cv-21952 (S.D. Fla. Mar. 24, 2026).

Judge Moore is a respected and experienced jurist, and Epic does not suggest otherwise. But the JPML lists Judge Moore as already presiding over two MDLs, including *In re FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076, and *In re Liquid Toppings Dispensing System ('447) Patent Litigation*, MDL No. 2832. Judge Bloom, by contrast, does not appear on the JPML's current report of active MDL transferee judges, has the fewest active cases and active class actions among the proposed Southern District of Florida judges, and already had

one of the Related Actions assigned to her. Judge Williams likewise does not appear on the current JPML report as presiding over an active MDL, and she was assigned related Southern District of Florida actions before those cases were transferred and consolidated.

For these reasons, Epic requests that the Panel order transfer of this multidistrict litigation to Judge Bloom in the Southern District of Florida. In the alternative, Epic requests transfer to Judge Williams in the Southern District of Florida.

**LEGAL AUTHORITIES AND ARGUMENT**

**I.      The Related Actions Should Be Transferred to Judge Bloom in the Southern District of Florida.**

"Selection of the transferee district is essentially a balancing test based on the nuances of a particular litigation." Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977). The Panel may consider, among other factors, "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." *Manual for Complex Litigation (Fourth)* § 20.131 (2004). These factors weigh in favor of transfer to the Southern District of Florida before Judge Beth Bloom.

- *Number of cases pending*: Five of the Related Actions were filed in the Southern District of Florida, more than in any other district. Those cases have been locally consolidated in *Lott v. Health Gorilla, Inc.*, Case No. 1:26-cv-21639. The JPML has long recognized that the "number of actions pending in a potential transferee district is relevant to the selection of the most appropriate district." *In re Mid-Air Collision, Fairland, Ind.*, 309 F. Supp. 621, 622 (J.P.M.L. 1970)

- *Where discovery has occurred*: No discovery has occurred in the Related Actions.

- *Where cases have progressed furthest*: The Related Actions remain in their infancy. The Southern District of Florida actions have been locally consolidated, but no case has proceeded through discovery, dispositive motion practice, class certification, or trial preparation.

- *The site of the occurrence of the common facts*: Health Gorilla, the movant and a central defendant in the Related Actions, maintains its principal place of business in Coral Gables, Florida. The common factual issues center on Health Gorilla's alleged onboarding, vetting, monitoring, and control of third-party access to patient records through the Carequality and TEFCA frameworks.

- *Where cost and inconvenience will be minimized*: The Southern District of Florida is a convenient and accessible forum. The Southern District of Florida is served by major airports in Miami, Fort Lauderdale, and West Palm Beach. The Southern District of Florida is already the forum for the largest concentration of Related Actions and participating counsel.

- *The experience, skill, and caseload of available judges*: As set forth below, Judge Bloom is well-suited to manage this litigation. She had one of the Related Actions assigned to her before it was transferred to Judge Moore, and she does not appear on the JPML's June 1, 2026 report of active MDL transferee judges. Assignment to Judge Bloom would preserve the benefits of the Southern District of Florida while avoiding the addition of a third active MDL to Judge Moore's docket.

Epic does not contest Health Gorilla's position that the United States District Court for the Southern District of Florida has sufficient connection to the underlying facts and is an appropriate forum court for consolidation of the Related Actions. However, it believes that, despite Judge

Moore's capabilities, Judge Bloom's suitability and relative docket capacity support transfer of the cases to Judge Bloom or, in the alternative and for similar reasons, to Judge Williams.

### A. Judge Bloom and the Southern District of Florida Are Well-Suited to Manage the Demands of This Litigation.

Judge Bloom is a natural and appropriate transferee judge. One of the Related Actions, *Hawkins v. Health Gorilla, Inc.*, was originally assigned to Judge Bloom before it was transferred to Judge Moore for local consolidation. Judge Bloom therefore has a connection to the litigation, and assignment to her would keep the MDL in the same district that Health Gorilla requests and where the greatest number of Related Actions are pending.

Judge Bloom also has the relative docket capacity to give this litigation the sustained attention it will require. This case is likely to involve complex discovery regarding healthcare interoperability frameworks, access controls, audit trails, Health Gorilla's onboarding and monitoring practices, the conduct of Mammoth and other third-party actors, and the scope and effect of any alleged unauthorized access to patient records. It will also likely involve recurring disputes concerning protective orders, privilege, standing, causation, class certification, expert discovery, and injunctive relief. These are precisely the types of issues that will benefit from assignment to a judge with available docket capacity at the outset of the MDL.

Judge Bloom is best positioned among the proposed Southern District of Florida judges to manage these demands. She has the fewest active cases of the three judges under consideration, the fewest active class actions, and no active MDLs listed in the JPML's June 1, 2026 MDL statistics report. Judge Williams likewise has no active MDLs listed, but her active civil docket and active class-action docket are significantly larger than Judge Bloom's.

Judge Moore is listed as already presiding over two MDLs: *In re FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076, and *In re Liquid Toppings Dispensing System*

(*'447) Patent Litigation*, MDL No. 2832. This new healthcare data-security MDL will require substantial judicial attention, and the Panel can preserve all the district-level benefits of Health Gorilla's proposal while assigning the litigation to the judge in the same district with the strongest combination of factual connection and available capacity. The relevant judicial-assignment considerations are summarized below:[3]

| Statistic | Judge Bloom | Judge Williams | Judge Moore |
|---|---|---|---|
| Total Active MDLs[4] | 0 | 0 | 2 |
| Total Number of Active Cases Per Judge | 253 | 394 | 277 |
| Total Number of Active Class Actions Per Judge | 8 | 29 | 15 |
| Median Time to Termination for All Cases | 98 | 148 | 114 |

The important metrics for this MDL are present docket capacity and class-action burden. Judge Bloom has the fewest active cases, the fewest active class actions, no active MDLs, and the fastest median time to termination for her cases. That combination makes her particularly well-suited to provide the focused and sustained case management this litigation will require.

The Southern District of Florida and Judge Bloom offer the appropriate combination of factual nexus, convenience, infrastructure, and available judicial capacity. For these reasons, the Panel should transfer the Related Actions to Judge Bloom in the Southern District of Florida.

---

[3] The information set forth below was collected from Lex Machina, which tracks federal cases in real time and provides a more current and granular view of the referenced statistics than the Judicial Caseload Profile. *See* Lex Machina Report attached as **Exhibit B.**

[4] The information set forth in this row is found in the June 1, 2026, MDL Statistics Report- Distribution of Pending MDL Dockets by District, published by the JPML. *See* MDL Statistics Report-Distribution of Pending MDL Dockets by District, found at https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-1-2026.pdf, attached hereto as **Exhibit C**.

6

**B. In the Alternative, the Related Actions Should Be Transferred to Judge Williams in the Southern District of Florida.**

Alternatively, Epic proposes transfer to Judge Kathleen M. Williams in the Southern District of Florida. While Judge Bloom is Epic's primary proposed transferee judge for the case-management reasons outlined above, Judge Williams is also a reasonable and appropriate alternative. She had related actions assigned to her before local transfer and consolidation, including *Hughes* and *Malenkovich*. Like Judge Bloom, Judge Williams does not appear on the JPML's June 1, 2026 report of active MDL transferee judges.

Judge Williams would preserve the same district-level benefits that support transfer to the Southern District of Florida. The litigation would remain in the district where Health Gorilla maintains its principal place of business, where the largest number of Related Actions was filed, and where the district's resources and accessibility can be used to manage this nationwide litigation. Assignment to Judge Williams also would avoid adding a third active MDL to Judge Moore's docket. Judge Williams has a larger active civil docket and more active class actions than Judge Bloom. However, Judge Williams remains preferable to Judge Moore given his two active MDLs listed by the JPML, which tend to be more time consuming than other civil docket matters, including other individual class actions.

For these reasons, Judge Williams would be a reasonable alternative to Epic's primary proposal that proceedings be centralized before Judge Bloom in the Southern District of Florida. If the Panel declines to assign the litigation to Judge Bloom, assignment to Judge Williams would still preserve the benefits of the Southern District of Florida while addressing the docket-capacity concerns raised by Health Gorilla's proposed assignment to Judge Moore.

II. **Health Gorilla's Proposed Assignment to Judge Moore Is Not the Most Efficient Assignment for This MDL.**

Respectfully, Health Gorilla's proposed assignment to Judge Moore is not the most efficient assignment for this MDL. Epic recognizes that Judge Moore currently presides over the locally consolidated *Lott* proceeding and the other Southern District of Florida cases that have been consolidated into it. Epic's objection is narrow and practical: In addition to his existing caseload, the JPML report lists Judge Moore as already presiding over two active MDLs (*see* Exhibit C), which will create additional hurdles. As the JPML is well aware, unlike ordinary civil litigation, multidistrict proceedings require intensive and continuing judicial management of coordinated discovery over large numbers of constituent cases. *See generally* Manual for Complex Litigation (Fourth) §§ 20–22. In selecting transferee judges, the JPML has considered existing MDL-related assignments, prior MDL experience, and the relative docket conditions of available judges, and commentators have observed that the Panel's interest in distributing MDL work across the federal judiciary may affect the selection decision. S*ee* Daniel A. Richards, *An Analysis of the Judicial Panel on Multidistrict Litigation's Selection of Transferee District and Judge*, 78 Fordham L. Rev. 311, 321–26, 328–29, 343–45 (2009); *see also In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on Apr. 20, 2010*, 731 F. Supp. 2d 1352, 1356 (U.S. Jud. Pan. Mult. Lit. 2010) (noting that whether a judge "has the time and resources to handle the assignment" is an important consideration in assigning an MDL). The Panel's June 1, 2026, MDL statistics show that Judge Moore presides over MDL No. 3076, *In re FTX Cryptocurrency Exchange Collapse Litigation*, with thirty-five actions currently pending and thirty-seven total historical actions, and MDL No. 2832, *In re Liquid Toppings Dispensing System ('447) Patent Litigation*, with two actions currently pending and fifteen total historical actions. Adding this additional complex healthcare data-security litigation would give Judge Moore three active MDLs. That is a

meaningful case-management consideration, particularly where Judge Bloom and Judge Williams sit in the same district, have had related actions assigned to them, and have no active MDLs listed by the JPML.

Judge Moore currently has more active cases and more active class actions than Judge Bloom. By contrast, Judge Bloom has the fewest active cases, the fewest active class actions, no active MDLs, and a faster median time to termination. Those facts make Judge Bloom better suited to provide the focused case management this litigation is likely to require, including coordinated discovery, leadership structure, protective orders, motion-to-dismiss practice, class-certification proceedings, expert discovery, and potentially injunctive-relief issues.

Health Gorilla's argument for assignment to Judge Moore rests largely on the fact that five Southern District of Florida actions have been consolidated before him. *See* Dkt. 1-1 at 1, 15–16; Dkt. 2 at 1. But that consideration is less compelling here because, as Health Gorilla itself acknowledges, "[n]one of the pending cases have progressed to the point where efficiencies will be forfeited through transfer to an MDL proceeding—each Related Action is in its infancy." Dkt. 1-1 at 10. The Southern District of Florida consolidation has not progressed through substantial discovery, dispositive motion practice, class certification, or trial preparation. The Panel therefore can assign the MDL to Judge Bloom or Judge Williams without losing meaningful efficiencies. Any local work already performed can be incorporated into the MDL record and managed going forward by the transferee judge.

For the same reasons that Judge Bloom and Judge Williams are well suited to manage this MDL, Judge Moore is not the most efficient tribunal for this litigation at this time. The Panel need not choose between Health Gorilla's preferred district and Epic's docket-capacity concerns. Both

can be accommodated by assigning the MDL to Judge Bloom or, alternatively, Judge Williams, in the Southern District of Florida.

## CONCLUSION

Based on the foregoing, Epic respectfully requests that the Panel order transfer of this multi-district litigation to the Southern District of Florida before Judge Beth Bloom. In the alternative, Epic respectfully requests transfer to the Southern District of Florida before Judge Kathleen M. Williams.

Dated: June 22, 2026

Respectfully submitted,

*/s/ Michael D. Leffel*
FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, WI 53703-1482
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
mleffel@foley.com

*Counsel for Defendant Epic Systems Corporation*

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedures for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on June 22, 2026, a copy of the foregoing document was filed and served electronically through the CM/ECF system and by email on all counsel of record. A copy of the foregoing has been mailed via First-Class United States Mail to the following defendant:

> Mammoth Path Solution, LLC
> 1660 Clay St.
> Santa Clara, CA 95050-4612

Dated: June 22, 2026

Respectfully submitted,

*/s/ Michael D. Leffel*
FOLEY & LARDNER LLP
150 East Gilman Street, Suite 5000
Madison, WI 53703-1482
Telephone: (608) 257-5035
Facsimile: (608) 258-4258
mleffel@foley.com

*Counsel for Defendant Epic Systems Corporation*

<u>**LIST OF COUNSEL/PARTIES FOR SERVICE:**</u>

***<u>Steve Patterson v. UVA Health, Epic Systems Corporation, Health Gorilla, and Mammoth Path Solution, LLC,</u>* <u>Case No. 2:26-cv-01938 (C.D. Cal.)</u>**

Counsel for Plaintiff Steven Patterson:

**Mark T. Freeman**
Cole and Van Note
555 12th Street, Suite 2100
Oakland, CA 94607
510-891-9800
Fax: 510-891-7030
Email: mtf@colevannote.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Grace Van Note**
Cole and Van Note
555 12th Street, Suite 2100
Oakland, CA 94607
510-891-9800
Email: lvn@colevannote.com
*ATTORNEY TO BE NOTICED*

**Scott Edward Cole**
Cole and Van Note
555 12th Street, Suite 2100
Oakland, CA 94607
510-891-9800
Email: sec@colevannote.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant, The Rector and Visitors of the University of Virginia, erroneously sued as UVA Health:

**Hakop Stepanyan**
Hunton Andrews Kurth LLC
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
213-532-2000
Email: hstepanyan@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Jonathan Kim**

Hunton Andrews Kurth LLP
550 South Hope Street Suite 2000
Los Angeles, CA 90071
213-532-2000
Fax: 213-532-2020
Email: kimj@huntonak.com
*ATTORNEY TO BE NOTICED*

**Paige Van Oosten**
Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
503-737-9189
Email: pvanoosten@hunton.com
*ATTORNEY TO BE NOTICED*

Counsel for Health Gorilla, Inc.:

**Ian Stewart**
Wilson Elser Moskowitz Edelman and Dicker LLP
555 South Flower Street Suite 2900
Los Angeles, CA 90071
213-443-5100
Fax: 213-443-5101
Email: ian.stewart@wilsonelser.com
*ATTORNEY TO BE NOTICED*

Defendant Mammoth Path Solution, LLC  (no appearance filed).

Mammoth Path Solution, LLC
1660 Clay St.
Santa Clara, CA 95050-4612

***Edward Fox and Suzanne Bryan v. Epic Systems Corporation, Reid Hospital & Health Care Services, Inc., Health Gorilla, Inc., and Mammoth Path Solution, LLC,* Case No. 2:26-cv-04678 (C.D. Cal.)**

Counsel for Plaintiffs Edward Fox and Suzanne Bryan:

**Leigh S. Montgomery**
EKSM LLP
4200 Montrose Blvd., Suite 200
Suite 200
Houston, TX 77006
888-350-3931
Fax: 888-276-3455

Email: lmontgomery@eksm.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Scott Edward Cole**
Cole and Van Note
555 12th Street, Suite 2100
Oakland, CA 94607
510-891-9800
Email: sec@colevannote.com
*ATTORNEY TO BE NOTICED*

**Mark T. Freeman**
Cole and Van Note
555 12th Street, Suite 2100
Oakland, CA 94607
510-891-9800
Fax: 510-891-7030
Email: mtf@colevannote.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant Mammoth Path Solution, LLC:

**Ekwan E. Rhow**
Bird Marella Rhow Lincenberg Drooks and Nessim, LLP
1875 Century Park East, Suite 2300
Los Angeles, CA 90067
310-201-2100
Fax: 310-201-2110
Email: erhow@birdmarella.com
*ATTORNEY TO BE NOTICED*

**Marc E Masters**
Bird, Marella, Rhow, Lincenberg, Drooks and Nessim, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
310-210-2100
Fax: 310-201-2110
Email: mmasters@birdmarella.com
*ATTORNEY TO BE NOTICED*

**Sharon Ben-Shahar Mayer**
Bird Marella Rhow Lincenberg Drooks and Nessim, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067

14

310-201-2100
Fax: 310-201-2110
Email: smayer@birdmarella.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant Health Gorilla:

**Ian Stewart**
Wilson Elser Moskowitz Edelman & Dicker LLP
555 South Flower Street Suite 2900
Los Angeles, CA 90071
213.443.5100 (Main)
Email: ian.stewart@wilsonelser.com
*ATTORNEY TO BE NOTICED*

Defendant Reid Hospital and Health Care Services, Inc.:

Reid Hospital and Health Care Services, Inc.:
1100 Reid Parkway
Richmond, IN 47374

**David B. Honig**
HALL RENDER KILLIAN HEATH & LYMAN, P.C.
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204-1293
Ph: 317-977-1543
Fax: 317-633-4878
Email: dhonig@hallrender.com

***Justina Pabon v. Trinity Health Corporation and Health Gorilla, Inc.*, Case No. 4:26-cv-10989 (E.D. Mich.)**

Counsel for Plaintiff Justina Pabon:

**Scott Jourdan Falgoust**
Bryson Harris Suciu & DeMay PLLC
5301 Canal Street
New Orleans, LA 70124
919-585-4634
Email: sfalgoust@brysonpllc.com
*ATTORNEY TO BE NOTICED*

**Nick Suciu , III**
Bryson Harris Suciu & DeMay PLLC
6905 Telegraph Rd.
Suite 115

Bloomfield Hills, MI 48301
616-678-2180
Email: nsuciu@brysonpllc.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant Trinity Health Corporation:

**Krystal Dickow Hermiz**
Gordon Rees Scully Mansukhani, LLP
37000 Woodward Ave
Ste. 225
Bloomfield Hills, MI 48304
313-756-6433
Email: khermiz@grsm.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant Health Gorilla, Inc.:

**William S. Cook**
Wilson Elser Moskowitz Edelman & Dicker LLP
17197 N. Laurel Park Dr, Ste 201
Livonia, MI 48152
313-327-3113
Fax: 313-327-3100
Email: william.cook@wilsonelser.com
*ATTORNEY TO BE NOTICED*

***Jeffrey S. Jackson v. Trinity Health Corporation and Health Gorilla, Inc.*, Case No. 4:26-cv-10948 (E.D. Mich.)**

Counsel for Plaintiff Jeffrey S. Jackson:

**Marc H. Edelson**
Edelson Lechtzin LLP
411 S. State Street
Ste N-300
Newtown, PA 18940
215-867-2399
Fax: 267-685-0676
Email: medelson@edelson-law.com
*ATTORNEY TO BE NOTICED*

Defendant Trinity Health Corporation:

**Krystal Dickow Hermiz**
Gordon Rees Scully Mansukhani, LLP

16

37000 Woodward Ave
Ste. 225
Bloomfield Hills, MI 48304
313-756-6433
Email: khermiz@grsm.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant Health Gorilla, Inc.:

**William S. Cook**
Wilson Elser
17197 N. Laurel Park Dr
Ste 201
Livonia, MI 48152
313-327-3113
Fax: 313-327-3100
Email: william.cook@wilsonelser.com
*ATTORNEY TO BE NOTICED*

*Lott v. Health Gorilla, Inc.*, **Case No. 1:26-cv-21639 (S.D. Fla.)**

Counsel for Plaintiff Ricky Lott and Consolidated Plaintiffs: Holly Hughes, Tatyana Malenkovich, Amy Hawkins, Randall Brink, Judi Delis:

**Jeffrey Miles Ostrow**
Kopelowitz Ostrow PA
1 W. Las Olas Blvd.
Suite 500
Fort Lauderdale, FL 33301-4216
954-525-4100
Fax: 954-525-4300
Email: ostrow@kolawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Smith , Jr.**
Dann Law
15000 Madison Ave
Lakewood, OH 44107
(216) 254-1034
Fax: (216) 373-0536
Email: msmith@dannlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Marc E. Dann**

17

DannLaw
15000 Madison Avenue
Lakewood, OH 44107
216-373-0539
Email: notices@dannlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Zimmerman , Jr.**
Zimmerman Law Offices, P.C.
77 West Washington Street
Suite 1220
Chicago, IL 60602
(312) 440-0020
Email: firm@attorneyzim.com
*ATTORNEY TO BE NOTICED*

**Andrew William Hausdorff**
Kopelowitz Ostrow P.A.
1 W Las Olas Blvd., Suite 500
Ft. Lauderdale, FL 33301
9548017760
Email: hausdorff@kolawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mariya Weekes**
Milberg Coleman Bryson Phillips Grossman, PLLC
333 SE 2nd Avenue
Suite 2000
Miami, Florida 33131
954-647-1866
Email: mweekes@milberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Bennett Homer**
DYNAMIS LLP
225 Franklin Street, 26th Floor
BOSTON, MA 02110
6176939732
Email: mhomer@dynamisllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

***Tonyia Jean Johnson***

18

Shamis Gentile, P.A.
14 NE 1st Ave
Suite 705
Miami, FL 33132
3054792299
Email: tjohnson@shamisgentile.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Counsel for Defendant Health Gorilla:

**John Yates Benford**
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
407-203-7599
Fax: 407-648-1376
Email: john.benford@wilsonelser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Grimke Young**
Wilson Elser Moskowitz Edelman & Dicker LLP
111 North Orange Avenue
Suite 1200
Orlando, FL 32801
407-203-7599
Fax: 407-648-1376
Email: julia.young@wilsonelser.com
*ATTORNEY TO BE NOTICED*

Counsel for Consolidated Defendant Unique Medi Tech LLC (Terminated 5/22/2026):

**Jay Kim**
Kim Vaughan Lerner LLP
312 SE 17th Street
Suite 300
Fort Lauderdale, FL 33316
954-527-1115
Email: jkim@kvllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Hannul Roman**
Kim Vaughan Lerner LLP

19

312 SE 17th Street
Suite 300
Fort Lauderdale, FL 33316
(954) 527-1115
Fax: (954) 527-1116
Email: jroman@kvllaw.com
*ATTORNEY TO BE NOTICED*

Counsel for Consolidated Defendant Mammoth Path Solution, LLC (Terminated 5/22/2026):

**Jay Kim**
Kim Vaughan Lerner LLP
312 SE 17th Street
Suite 300
Fort Lauderdale, FL 33316
954-527-1115
Email: jkim@kvllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Hannul Roman**
Kim Vaughan Lerner LLP
312 SE 17th Street
Suite 300
Fort Lauderdale, FL 33316
(954) 527-1115
Fax: (954) 527-1116
Email: jroman@kvllaw.com
*ATTORNEY TO BE NOTICED*

Counsel Consolidated Defendant Mammoth RX, Inc. (Terminated 5/22/2026):

**Jay Kim**
Kim Vaughan Lerner LLP
312 SE 17th Street
Suite 300
Fort Lauderdale, FL 33316
954-527-1115
Email: jkim@kvllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jessica Hannul Roman**
Kim Vaughan Lerner LLP
312 SE 17th Street
Suite 300

Fort Lauderdale, FL 33316
(954) 527-1115
Fax: (954) 527-1116
Email: jroman@kvllaw.com (Inactive)
*ATTORNEY TO BE NOTICED*

Counsel for Consolidated Defendant Unit 387 LLC (Terminated 5/22/2026):

**Merema Mary Nikezic**
Zarco, Einhorn, Salkowski & Brito, P.A.
2 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
773-251-8846
Email: mnikezic@zarcolaw.com
*ATTORNEY TO BE NOTICED*

**Robert Francis Salkowski**
Zarco, Einhorn, Salkowski & Brito, P.A.
2 S. Biscayne Blvd.
34th Floor
Miami, FL 33131
305-374-5418
Fax: 305-374-5428
Email: rsalkowski@zarcolaw.com
*ATTORNEY TO BE NOTICED*

Counsel for Consolidated Defendant Trinity Health Corporation (Terminated 5/22/2026):

**Joseph Michael Paulino**
10440 North Miami Ave
Miami Shores, FL 33150
7868043760
Email: jpaulino@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Consolidated Defendant SelfRX, LLC (no appearance on file in this case) (Terminated 5/22/2026):

SelfRX, LLC
36 Cummings Park
Woburn, MA 01801

Consolidated Defendant Ravillamed PLLC (no appearance on file in this case) (Terminated 5/22/2026):

21

Ravillamed PLLC
2119 E Norris St
Philadelphia, PA 19125-1924

Consolidated Defendant Critical Care Nurse Consultants, LLC (no appearance on file in this case) (Terminated 5/22/2026):

Critical Care Nurse Consultants, LLC
23360 Bridle View Dr.
Lindale, TX 75771-5511

***Delis v. Health Gorilla Inc., et al.*, Case No. 1:26-cv-22178 (S.D. Fla.)**
Consolidated with Lott – See above.

***Hawkins v. Health Gorilla, Inc., et al.*, Case No. 1:26-cv-22328 (S.D. Fla.)**
Consolidated with Lott – See above.

***Malenkovich v. Health Gorilla, Inc.*, Case No. 1:26-cv-22757 (S.D. Fla.)**
Consolidated with Lott – See above.

***Priscilla Banh v. Epic Systems Corporation and UCSF Health Community Hospitals*, Case No. 3:26-cv-00216-amb (W.D. Wis.)** (voluntarily dismissed June 15, 2026).

Counsel for Plaintiffs:

**Nickolas J. Hagman**
Cafferty Clobes Meriwether & Sprengel LLP
135 S. LaSalle Street.
Suite 3210
Chicago, IL 60603
312-276-3404
Email: nhagman@caffertyclobes.com
*ATTORNEY TO BE NOTICED*

Counsel for Defendant UCSF Health Community Hospitals:

**Stephanie F. Jones**
Gordon Rees Scully Mansukhani, LLP
1 North Wacker Drive
Suite 1600
Chicago, IL 60606
312-619-4934
Email: sfjones@grsm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*