**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: HEALTH GORILLA, INC., ET AL., DATA SECURITY BREACH LITIGATION** | **MDL NO. 3193** |

**DEFENDANT HEALTH GORILLA, INC.'S REPLY BRIEF IN SUPPORT OF ITS**
**MOTION FOR TRANSFER OF ACTIONS TO THE SOUTHERN DISTRICT OF**
**FLORIDA FOR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

Pursuant to the Notice of Filing and Publication of Briefing Schedule [Dkt. 5], Defendant Health Gorilla, Inc. ("Health Gorilla") respectfully submits the following reply in further support of its Motion for Transfer of Actions, together with any future tag-along actions [Dkts. 1-3] to the Southern District of Florida ("Motion to Transfer") and for Consolidation Pursuant to 28 U.S.C. § 1407.

**INTRODUCTION**

Several interested parties filed responses to Health Gorilla's Motion for Transfer, specifically:

- On June 22, 2026, Plaintiffs Ricky Lott, Holly Hughes, Tatyana Malenkovich, Amy Hawkins, Randall Brink, and Judy Delis ("Lott Plaintiffs") filed a response **in support** of the Motion to Transfer. [Dkt. 36][1]

- On June 22, 2026, Plaintiffs Holly Hughes filed a response **in opposition** to the Motion to Transfer ("Holly Hughes Response in Opposition"). [Dt. 37]

- On June 22, 2026, Defendant Epic Systems Corporation ("Epic"), filed a response stating it **does not oppose** the Motion to Transfer, but seeks assignment to District Judge Beth Bloom or, alternatively, District Judge Kathleen M. Williams. [Dkt. 38]. [Dkt. 35]

---

[1] Ricky Lott and Holly Hughes were included in this response but subsequently filed responses in opposition. *See* Dkts. 37 and 39.

- On June 23, 2026, Plaintiff Ricky Hughes filed an amended response **in opposition** to the Motion to Transfer, and joins the arguments made by Plaintiff Holly Hughes in her response in opposition ("Ricky Lott Response in Opposition"). [Dkt. 39]

Only Plaintiffs' Hughes and Lott oppose Health Gorilla's Motion to Transfer. The crux of their position is that centralization under Section 1407 is not appropriate because: (1) they are making efforts to (possibly) voluntarily transfer two cases from the Eastern District of Michigan to the Southern District of Florida and, therefore, there are not enough cases to warrant centralization[2]; and (2) the Related Cases are "not in any sense uniform."[3] Plaintiffs' Hughes and Lott also argue centralization is inappropriate because the defendants are not uniformly named in all Related Action. However, other Plaintiffs in the Southern District of Florida disagree and filed a response in support citing legal authority to the contrary.

Plaintiffs Hughes and Lott are wrong, and their position against centralization is undermined by the representations contained in their response brief, as well as statements in their prior motion for consolidation in the Southern District of Florida. These pleadings, combined with the allegations of the complaints for the Related Actions and legal authority cited by the other Plaintiffs, provide ample evidence that there are complex issues of fact and law that are common to all Related Actions. As detailed below, the circumstances of this matter clearly warrant the transfer and centralization of the Related Cases, and any future tag-along actions. Notably, since the filing of Health Gorilla's Motion to Transfer, Epic identified another related case pending in the Northern District of Illinois and filed a Notice of Potential Tag-Along Action [Dkt. 35] to

---

[2] *See* Dkt. 39 (Ricky Lotts' Response in Opposition), p. 1.
[3] *See* Holly Hughes' Response in Opposition [Dkt. 38], p. 1.

consolidate it within this MDL proceeding.[4] Health Gorilla also found another case filed in state court that may also be related to this matter.[5]

## LEGAL AUTHORITIES AND ARGUMENT

**I.      The Prospect of a Future Section 1404 Motion Is Not An Obstacle to Transfer and Consolidation of Related Actions Under 28 U.S.C. § 1407**

Plaintiffs argue that centralization under Section 1407 is unnecessary because there are not enough actions and the parties expect to file a Rule 1404 transfer motion to transfer two cases currently pending in the Western District of Michigan to the Southern District of Florida. For starters, there is no Section 1404 motion pending at this time. Notably, Defendant Health Gorilla made significant efforts in the last few months and had numerous communications with Plaintiffs in the Related Actions to determine whether they would be willing to voluntarily transfer and/or consolidate their cases in the Southern District of Florida and stay their cases in the meantime. To date, none of the Plaintiffs in the other district courts have done so, several Plaintiffs would not agree to stay their cases, and the *Lott* Plaintiffs opted to proceed with their action.[6]

Even if there were a Section 1404 motion pending, it would not eliminate the multidistrict character of this litigation because the Southern District of Florida does not have personal jurisdiction over all defendants in the Related Actions. For example, absent consent by all of the defendants in the *Patterson* case (pending in the Central District of California), the Plaintiffs could

---

[4] Epic identified *Berry v. University of Illinois Hospital & Health Sciences System and Epic Systems Corporation*, 1:26-cv-04629 (N.D. Ill. 2026), as another related action that arises from the same operative facts and asserts similar allegations and claims against Epic and the University of Illinois Hospital. Epic filed a Notice of Potential Tag-Along Action on June 22, 2026. See Dkt. 35.

[5] *See Tonya Phillips v. Heartland Regional Medical Center d/b/a Mosaic Life Care,* Case No. 26BU-CC00475 (Circuit Court of Buchanan County, Missouri), which relies on the Epic Complaint (filed in the Central District of California) and alleges the same "hub-and-spoke" data breach stemming from the interoperability frameworks as in the Related Cases. A copy of the *Phillips* Complaint is attached as Exhibit 1.

[6] In Holly Hughes' Opposition brief, she states: "Defendant proposed staying the case pending consolidation of the other Related Actions pending outside the Southern District of Florida. Plaintiffs responded that effort was making progress, but that we still needed to proceed with the *Lott* case." *See* Dkt. 37, p. 4.

not have brought their actions in the Southern District of Florida under Section 1404(a). Defendant

Epic explained these jurisdictional challenges in its Response to Order to Show Cause in the

*Patterson* case (pending in the C.D. Cal.):

> Though Defendant UVA is at home in Virginia, and Defendant Health Gorilla is at home in Florida (Dkt. 1 ¶¶ 22-23, Dkt. 30-1 ¶¶ 13, 19, 45-46), personal jurisdiction is lacking at least over Defendant Epic in both of those judicial districts for the same reasons discussed in Epic's Motion to Dismiss. (Dkt 24 at 8-12). Epic is incorporated in Wisconsin with its principal place of business in Verona, Wisconsin. (Dkt. 24-3, Dec. of M. Snyder, ¶¶ 4-5.) General jurisdiction is therefore lacking over Epic in both the Western District of Virginia and the Southern District of Florida. (See Dkt. 24 at 9.) Specific jurisdiction would likewise be lacking because Plaintiff has not tied his alleged injury to any action by Epic in either of these jurisdictions. (*Cf. id.* at 10-12).[7]

The Panel has also rejected Plaintiffs' argument, finding a Section 1404 motion is not

determinative of whether transfer and centralization under 28 U.S.C. § 1407 is appropriate. *In re*

*Natrol, Inc.,* 26 F. Supp. 3d 1392, 1392-93, 2014 U.S. Dist. LEXIS 79710 at *2 (J.P.M.L. June 10,

2014). In *In re Natrol, Inc.,* the Panel ordered the transfer and centralization of *only three actions*

after finding a pending Section 1404 was not an obstacle to or dispositive of centralization under

Section 1407, <u>particularly when there is a likelihood of potential tag-along actions</u>. The Panel

explained:

> On the record, we conclude that the pendency of Section 1404 motions is not an obstacle to centralization. Plaintiffs are correct that we previously have denied centralization when there is a "reasonable prospect" that Section 1404 transfer will eliminate the multidistrict character of the litigation. We also have explained, however, that the pendency of Section 1404 motions, alone, is not dispositive, and we look to other difficulties posed by duplicative multidistrict litigation – for example, the amenability of counsel to section 1404 transfer, orders addressing transfer in the underlying actions, **and the likelihood of potential tag-along actions**. *See In re: Schnuck Markets, Inc., Customer data Security Breach Litig*., 978 F. Supp. 2d 1379, 2013 WL 5670861, at *1 & nn. 2-4 (J.P.M.L. 2013); *In re: Truvia Natural Sweetener Mktg. and Sales Practices Litig.,* 996 F. Supp. 2d 1377, 2014 U.S. Dist. LEXIS 18716, 2014 WL 585552, at *2 (J.P.M.L. Feb. 12, 2014).

*In re Natrol, Inc*., 26 F. Supp. 3d at 1392-93 (internal citations omitted) (emphasis added).

---

[7] *See* Defendant Epic's Response to Order to Show Cause in Patterson (Patterson Dkt. 37), p. 2.

The Panel's ruling in *In re Natrol* refutes Plaintiffs' claims that a Section 1404 transfer is an obstacle to creating an MDL, potential future tag-along actions are irrelevant to determining if centralization under Section 1407 is appropriate, or that ten Related Actions pending in four different district courts are not enough to warrant an MDL.

## II.    The Related Actions Stem From the Same Operative Facts and Have Common Issues of Fact and Law

Plaintiffs' Holly Hughes and Ricky Lott argue that an MDL is not appropriate because the Related Actions do not share a uniform set of defendants or arise from a single "common nucleus of operative facts." [Dkt. 37, pp. 6-7]. This is simply not true and, ironically, Plaintiffs took the opposite view when they sought consolidate cases in the Southern District of Florida. In their Joint Motion for Consolidation, Plaintiffs sought to consolidate five cases "as well as any other future actions filed or transferred related actions against Health Gorilla, Inc." on the grounds they all had common questions of law and fact, stemmed from the same common set of operative facts, and had overlapping claims on behalf of similarly defined classes and seek similar relief.[8] [FLS/1:26-cv-21639, Doc. 15, pp. 1, 3-4].

As detailed in the chart below, even a cursory review of the complaints in all of the Related Actions shows they all assert the same or similar class definitions, which stem from the same data breach, and have overlapping causes of action.

| Action | Nationwide Class Definition | Data Breach Definition | Causes of Action |
|---|---|---|---|
| Ricky Lott, Holly Hughes, Tatyana Malenkovich, Amy | Complaint, ¶ 154:<br><br>All persons in the United States whose | Complaint, ¶ 9:<br><br>Upon information and belief, Plaintiffs' electronic health records | Negligence |

---

[8] The Lott Plaintiffs named only Health Gorilla in their Consolidated Class Action Complaint, but previously named many of the co-defendants in the Related Actions in their original complaints (including Trinity Health Corporation, Ravillamed PLLC, Unique Medi Tech LLC d/b/a Mammoth DX, Mammoth Path Solution, LLC, Mammoth RX, Inc., Unit 387 LLC, SelfRX, LLC d/b/a myself.health, and Critical Care Nurse Consultants, LLC d/b/a Guarddog).

| Action | Nationwide Class Definition | Data Breach Definition | Causes of Action |
|---|---|---|---|
| Hawkins, Randall Brink, and Julie Delis v. Health Gorilla, Inc., S.D. Florida, FLS/1:26-cv-21639 *Consolidated Complaint in FLS/1:26-CV-21639 **[Dkt. 1-10]** | Private Information was impacted in Defendants Data Breach. | were accessed for unauthorized purposes by one or more of the fraudulent actors identified in the January 13, 2026, Epic lawsuit. The bad actors identified in the breach were RavillaMed, Mammoth Path Solutions and MammothDx, SelfRx, and GuardDog Telehealth. Plaintiffs never sought treatment from any of these companies. As a result, Plaintiffs' and Class members' complete medical records were shared without authorization and without lawful purpose, by and through Defendant, to the bad actors ("the Data Breach") | Breach of Implied Contracts<br><br>Unjust Enrichment<br><br>Injunctive/Declaratory Relief |
| Steven Patterson v. UVA Health, Epic Systems Corporation, Health Gorilla, and Mammoth Path Solutions, Inc. CAC/2:26-cv-01938 **[Dkt. 1-13]** | Complaint, ¶ 26:<br><br>All individuals within the United States of America whose Private Information was exposed to unauthorized third parties as a result of the data breach allegedly discovered by Defendants UVA and Epic on or before January 13, 2026. | Complaint, ¶ 2:<br><br>With this action, Representative Plaintiff seeks to hold Defendants responsible for the harms they caused and will continue to cause Representative Plaintiff and thousands of other similarly situated persons in the massive and preventable incident purportedly discovered by Defendants Epic and UVA on January 13, 2026, by which unauthorized entities allegedly accessed Defendants' inadequately protected network and accessed the Private Information which was being kept under-protected (the "Data Breach"). | Negligence<br><br>Breach of Implied Contract<br><br>Breach of Implied Covenant of Good Faith and Fair Dealing |
| Edward Fox and Suzanne Bryan v. Epic Systems Corporation, Reid Hospital and Health Care Services, Inc., Health Gorilla, Inc., Mammoth Path Solution, LLC, CAC/2:26-cv-04678 **[Dkt. 1-6]** | Complaint, ¶ 205:<br><br>All persons within the United States of America whose Private Information was exposed to unauthorized third-parties as a result of the data breach allegedly discovered by Defendants Reid | Complaint, ¶ 1:<br><br>This class action arises out of the recent unauthorized access to and disclosure of the protected health information and personally identifiable information of patients of Defendants (the "Data Breach"), which held in their possession certain personally identifiable information ("PII") and protected health information ("PHI") (collectively, the "Private Information") of Plaintiffs | Negligence<br><br>Breach of Implied Contracts<br><br>Breach of Implied Covenant of Good Faith and Fair Dealing |

6

| Action | Nationwide Class Definition | Data Breach Definition | Causes of Action |
|---|---|---|---|
| | and Epic on or before January 13, 2026. | and other current and former patients of Defendants, the putative class members ("Class"). | |
| Jeffrey S. Jackson v. Trinity Health Corporation and Health Gorilla, Inc., MIE/4:26-cv-10948 **[Dkt. 1-9]** | Complaint, ¶ 101:<br><br>All individuals whose Private Information was compromised in the Data Breach Trinity announced on March 13, 2026. | Complaint, ¶ 5:<br><br>On January 13, 2026, Defendant Trinity became aware that Health Gorilla electronically requested records concerning Plaintiff's and Class members Private Information, representing that the information was required for treatment purposes when, in fact, there was no authorization for access to the Private Information. Thus, an unknown third party was able to access and exfiltrate the Private Information of potentially more than three hundred thousand patients that Health Gorilla managed on behalf of its clients (the "Data Breach"). | Negligence<br><br>Negligence Per Se<br><br>Breach of Implied Contract<br><br>Unjust Enrichment |
| Justina Pabon v. Trinity Health Corporation and Health Gorilla, Inc., MIE/4:26-cv-10989 **[Dkt. 1-12]** | Complaint, ¶ 50:<br><br>All individuals in the United States whose personally identifiable information and/or protected health information was accessed, disclosed, or otherwise compromised as a result of the unauthorized access to Trinity Health patient data through the Health Gorilla health information exchange platform. | Complaint, ¶ 30:<br><br>On or about January 13, 2026, Trinity was notified by its HIE partner that there had been a potential unauthorized disclosure of the protected health information of Trinity patients. The HIE partner informed Trinity that a Health Gorilla HIE member had exchanged requests for patient records on behalf of certain other companies, stating the information was needed for treatment purposes, but the HIE partner had been unable to confirm Health Gorilla's statements or whether the recipient companies had the necessary authorizations for the information they obtained ("Data Breach"). | Negligence<br><br>Breach of Implied Contract<br><br>Unjust Enrichment<br><br>Invasion of Privacy / Intrusion Upon Seclusion |
| Priscilla Banh v. Epic Systems Corporation and UCSF Health Community Hospitals, WIW/3:26-cv-00216 **[Dkt. 1-4]** | Complaint, ¶ 193:<br><br>All persons whose Private Information was exposed to unauthorized third | Complaint, ¶ 1:<br><br>This class action arises out of the recent unauthorized access to and disclosure of the protected health | Negligence<br><br>Breach of Implied Contract<br><br>Unjust Enrichment |

7

| Action | Nationwide Class Definition | Data Breach Definition | Causes of Action |
|---|---|---|---|
| | parties as a result of the data breach allegedly discovered by Defendants on or before January 2026 (the "Class"). | information and personally identifiable information of patients of Defendants (the "Data Breach"), which held in their possession certain personally identifiable information ("PII") and protected health information ("PHI") (collectively, the "Private Information") of Plaintiffs and other current and former patients of Defendants, the putative class members ("Class"). | Violation of UCL - Cal. Bus. & Prof. Code §§ 17200<br><br>Violation of CMIA - Cal. Civ. Code § 56.101<br><br>Violation of CCRA – Cal. Civ. Code § 1789.80, et seq. |

All underlying complaints for the Related Actions also expressly rely on the same nucleus of facts as alleged in the Epic action, Case No. 2:26-cv-00321 (C.D. Cal.) to define the data breach and class. Plaintiffs' Ricky Lott and Holly Hughes response brief also contradicts their argument that there are no common issues of fact among the Related Action. For example, as noted below, their response includes a list of questions of fact and law that are clearly common among each of the Related Actions. These issues, which pertain to the obtaining and safeguarding of patient data (which is the subject of the data breaches) within the "multi-layered system" in the interoperability frameworks, also demonstrate the complexities that exist in this litigation. Plaintiffs state:

> Across complaints, plaintiffs alternatively allege, by way of example: (i) improper onboarding and vetting (against Health Gorilla), (ii) improper access authorization (against Health Gorilla and Epic); (iii) deficiencies in the system design and operation (against Epic); (iv) improper failure to safeguard patient data and improper disclosure of such data (against the hospital defendants); or (v) downstream misuse / resale by third parties (against Trinity Health and Health Gorilla).[9]

---

[9] See Plaintiff Holly Hughe's Response in Opposition, [Dkt. 37], p. 2.

The different roles that defendants may have in obtaining and safeguarding patient data within the interoperability frameworks simply highlights the complexities in this case and the need for centralization of discovery among the Related Actions.  Equally unavailing is Plaintiffs' claim that an MDL is not warranted because all defendants are not named in all of the Related Actions. Even the other Lott Plaintiffs (Tatyana Malenkovich, Amy Hawkins, Randall Brink, and Judi Delis) recognized this is not true, and they cited legal authority to contrary, in their response in support of Health Gorilla's Motion to Transfer  in [Dkt No. 36], stating:

> [They] support Movant's Amended Motion for Transfer and centralization of all pending matters to the United States District Court for the Southern District of Florida since that is the location where the majority of matters pending in this MDL are pending. See, e.g., generally *In re Personalweb Techs., LLC,* No. MDL 2834, 340 F. Supp. 3d 1373, 1374-75 (J.P.M.L. 2018). In this event the Court is concerned that not all Defendants have been named in all cases, it is clear as noted by Movants that Defendant is the "key" defendant and transfer to the District home to Defendant's principal place of business will centralize all pending litigation which would be more efficient than litigating Section 1404 transfer motions in at least four separate judges. See, e.g. generally *In re: Cognizant Technology Solutions Corporation and Trizetto Provider Solutions, LLC, Data Security Breach Litigation*, MDL No. 3185, 2026 U.S. Dist. LEXIS 126708 at *4 (J.P.M.L. June 5, 2026).

*See* Dkt. 36, p. 1.

Ironically, the only Plaintiffs opposing Health Gorilla's Motion to Transfer are in actions *already pending in the Southern District of Florida* (the requested transferee court). Plaintiffs contend this court is the "most convenient for the parties and allow[s] for the most efficient resolution of the claims against Defendant." *See* Plaintiff Holly Hughes' Response in Opposition [Dkt. 37], p. 4. Incredibly, Plaintiffs' claim that, aside from the Lott action, "the remaining Related Actions in the absence of informal coordination could proceed against the hospitals or against Epic without a risk of inconsistent adjudication <u>because the hospitals' and/or Epic's liability are separate questions from Defendant's own liability</u>." *See* Plaintiff Holly Hughes' Response in Opposition

9

[Dkt. 37], p. 4 (emphasis added). However, their position ignores the interplay of defendants' different roles within the interoperability frameworks, and the fact that Health Gorilla is a named defendant in all but one other Related Actions. As such, defendants are still subject to litigation in multiple forums where there will be duplicative discovery and potentially inconsistent rulings. Notably, none of the defendants in the Related Actions oppose Health Gorilla's Motion to Transfer. An MDL clearly avoids duplication and inefficiencies in discovery and prevents inconsistent adjudications within pre-trial proceedings.

## CONCLUSION

Based on the foregoing, Health Gorilla respectfully requests that the Panel order transfer of this multi-district litigation to the Southern District of Florida.

Dated: June 29, 2026

Respectfully submitted,

/s/ *Jennifer S. Stegmaier*
Jennifer S. Stegmaier
Illinois ARDC No. 06256724
WILSON ELSER MOSKOWITZ EDELMAN &
DICKER, LLP
161 N Clark - Suite 4500
Chicago, IL 60601
Tele: 312.821.6167 (Direct)
Fax: 312-704-1522
jennifer.stegmaier@wilsonelser.com

*Counsel for Movant Defendant Health Gorilla, Inc.*