# Exhibit 33

Transcript of the Proceedings Held on July 30, 2026, Before the Judicial Panel on Multidistrict Litigation in MDL No. 3193

UNITED STATES JUDICIAL PANEL

ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: HEALTH GORILLA, INC., ET AL., CUSTOMER DATA SECURITY BREACH LITIGATION | ) | MDL NO. 3193 |

Transcript of Proceedings

July 30, 2026
11:07 a.m.

HELD AT: United States District Court
100 Otis Street
Courtroom One, Third Floor
Asheville, North Carolina 28801

BEFORE: The Honorable Matthew F. Kennelly, Chair
The Honorable David C. Norton
The Honorable Madeline Cox Arleo
The Honorable Dale A. Kimball
The Honorable M. Casey Rodgers
The Honorable Richard Seeborg

Deborah Cohen-Rojas, R.D.R., C.R.R., F.C.R.R.
Official Court Reporter
Deborah_CohenRojas@ncwd.uscourts.gov 704.350.7497
*Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.*

APPEARANCES:

For Health Gorilla, Inc.:

Jennifer S. Stegmaier, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
161 North Clark Street, #4500
Chicago, Illinois 60601

For Epic Systems Corporation:

Michael D. Leffel, Esq.
Foley & Lardner LLP
150 East Gilman Street, Suite 5000
Madison, Wisconsin 53703

For Holly Hughes:

Kara Kapp, Esq.
Milberg PLLC
5335 Wisconsin Avenue NW, Suite 440
Washington, District of Columbia 20015-2052

JUDGE KENNELLY: Questions for Ms. Stegmaier.

JUDGE SEEBORG: Can I -- this is perhaps into the merits, and we don't want to do that, but I'm just trying to figure out, who are the players --

MS. STEGMAIER: Sure.

JUDGE SEEBORG: -- in this case? Because you've got people who are tagged as implementers --

MS. STEGMAIER: Yes.

JUDGE SEEBORG: -- and I just was having trouble figuring out who's involved in this stuff. So could you give me a brief summary?

MS. STEGMAIER: Okay. So you have the interoperability frameworks, where the patient data is stored. You have my client, Health Gorilla, which is an implementer, essentially, as alleged, a gatekeeper that would allow entities into the interoperability framework so that they could access patient records.

JUDGE SEEBORG: And so who is contracting with your clients?

MS. STEGMAIER: Everything flows down. So our client is an implementer. Any connections they have in Carequality, the -- the contract would be with the entities that are entering into the framework. It flows down. There's a set of terms, the contract terms, for the interoperability framework, and it goes down. When you have someone who wants to enter in

order to access records, they go through my client. They opt on which frameworks can --

JUDGE SEEBORG: So you're a middleman?

MS. STEGMAIER: It all stems from booking.

JUDGE SEEBORG: Okay. Thank you.

MS. STEGMAIER: And so that's why the commonalty is strong. You're going to have the same discovery, duplicative discovery, in every single action.

You have to look -- if the alleged unauthorized access stems from allegations that my client allowed access of certain entities, certain alleged bad actors that accessed records without authorization or beyond the purposes that they were allowed to access, then that unauthorized access, the core of the data breach class actions, are the same. You're going to have the same issues. There may be multiple actors, but the actions are against my client for letting those entities into the system to have access to the patient records.

JUDGE KENNELLY: Other questions? Yes, Judge Rodgers.

JUDGE RODGERS: Why wouldn't -- given what you just said about overlapping -- the potential for overlapping discovery, why wouldn't Epic be included? It was not identified as a potential tagalong, no one spoke about including it. Why wouldn't be that included?

MS. STEGMAIER: Epic -- okay. Epic is included in some of the actions, and that's why -- that's why this is so

important that this is centralized. Epic --

JUDGE RODGERS: So you agree that Epic -- if centralized, that Epic should be included?

MS. STEGMAIER: Well, they are a defendant in --

JUDGE RODGERS: I'm sorry. I'm talking about the Epic versus Health Gorilla, the case, the action.

MS. STEGMAIER: Oh. That's a separate -- those -- that -- that action is not a data breach class action. That action is addressing business issues and allegations of violations in a different context. The data breach class action are the end patients whose data were accessed. All of their data was accessed in this series of data breach class actions.

JUDGE RODGERS: But isn't there overlapping -- potential for overlapping discovery with that action, too? I mean, isn't the claim there that Health Gorilla -- that you on-boarded -- your client on-boarded customers with knowledge that they sought access to patient records for an improper purpose?

MS. STEGMAIER: Well, they're entirely different causes of action because those are the entities disputing on who did what and who allegedly violated contract terms, as opposed to the data breach class actions asserting you accessed my data. They're entirely different populations.

JUDGE RODGERS: Well, in discovery you're not going to

be discovering some of the same information?

MS. STEGMAIER: Well, I think there is some similar information because you're dealing with the interoperability frameworks, and so you do have to understand the contracts. And there is some linkage, but the causes of action are entirely separate.

JUDGE RODGERS: Okay. Thank you.

MS. STEGMAIER: And, you know, I did, from the perspective of trying to do any action, to consolidate on my own. And I recognize that the panel has addressed centralization versus consolidation.

I had personally talked with every counsel, all the plaintiffs in all of the causes of action against my client, from day one, attempting to have everyone transfer into one action or at least into the same court. Five of the nine actions against my client are located in the Southern District of Florida.

JUDGE KENNELLY: Thank you.

MS. STEGMAIER: Thank you.

JUDGE KIMBALL: Some of the plaintiffs suggest that the actions don't share sufficient questions of fact to warrant centralization.

MS. STEGMAIER: I think that the questions of fact are very similar. They're going to have -- if they're trying to hold my client liable, you have to look at the interoperability

system, how it works, whether there was unauthorized access. And you have to go to the core, which is going to be discovery into whether or not these entities actually had unauthorized access.

JUDGE KENNELLY: Thank you.

Next is Mr. Leffel.

MR. LEFFEL: Good morning. Michael Leffel from Foley & Lardner on behalf of Epic Systems Corporations.

We have not, on behalf of Epic, opposed consolidation. We've merely stated that, if it does take place, the Southern District of Florida makes sense.

We have suggested that, if it's being assigned, given case loads, given the fact that Judge Moore already had a couple of MDLs, it may make sense to assign to a different judge who had some of these cases in the beginning, and we had suggested Judge Bloom.

I will note, since we filed our papers, that I believe that one of Judge Moore's MDLs was recently settled, but the other, I think, is still very active. I think some of those are scheduled today.

I did want to pick up on Judge Rodger's question about the public Epic litigation. None of the parties, defendants or plaintiffs, have asked for that case to be included, and I think it's for good reason, because there are not just claims -- and I would have to admit, there are -- there's, no

C E R T I F I C A T E

I, DEBORAH COHEN-ROJAS, Federal Official Court Reporter for the United States District Court for the Western District of North Carolina, a Registered Diplomate Reporter, Certified Realtime Reporter, and Federal Certified Realtime Reporter, do hereby certify that I reported by machine shorthand the foregoing proceedings contained herein on the aforementioned subject on the date herein set forth, and that the foregoing pages constitute a full, true and correct transcript.

Dated this 7th day of August, 2026.

DCRojas

DEBORAH COHEN-ROJAS
RDR, CRR, FCRR
Federal Official Court Reporter